608 So.2d 525 (1992)
William Glenn NAVARRE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3880.
District Court of Appeal of Florida, First District.
November 10, 1992.
*526 Nancy A. Daniels, Public Defender, Julius Aulisio, Special Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
In this appeal of a final judgment and sentence adjudicating Appellant guilty of second-degree murder and battery, Appellant urged three grounds for reversal, based on 1) the conviction of battery, even though venue was not proved in the county alleged, 2) the consolidation of the battery and second-degree murder charges, and 3) the imposition of a condition of probation requiring Appellant to submit to drug evaluation and screening. We reverse on the first issue, finding it was error for the trial court to allow the battery conviction to stand, where the wrong venue was alleged, Appellee failed to prove at trial that the situs of the crime was as alleged in the charging document, and the threat of double jeopardy was present. See Tucker v. State, 459 So.2d 306 (Fla. 1984). We affirm on the second and third issues.
The original information, which alleged the second-degree murder occurred in Escambia County, was amended to include a battery charge alleged to have occurred on the same day in Escambia County. Appellant contends that the state failed to prove venue in Escambia County as to the battery offense, and that the evidence indicates the battery actually occurred in neighboring Santa Rosa County. See Bateman v. State, 238 So.2d 621, 625 (Fla. 1970); Pennick v. State, 453 So.2d 542 (Fla.3d DCA 1984) (allegation in charging document that offense occurred within a named county is material allegation that the state must prove). We find the evidence was insufficient to raise a presumption, or to allow a reasonable inference by the jury, that the battery took place in Escambia County. Ball v. State, 204 So.2d 523 (Fla.3d DCA 1967). The state argues the right to appeal on the issue of improper venue was waived when Appellant failed to challenge the allegation of venue by means of a pretrial motion to dismiss or a motion for judgment of acquittal anytime during the trial.
At the end of the state's case in Tucker, the defendant moved to dismiss the indictment on the ground that it failed to allege venue. The motion was denied. The Florida Supreme Court held that "failure to allege venue in an indictment or information is an error of form, not of substance and such a defect will not render the charging instrument void absent a showing of prejudice to the defendant." Id., 459 So.2d at 309. Tucker is clearly distinguishable in that Tucker never claimed venue was laid in the wrong county, the location of the crime was proved at trial and shown to be in the county where the cause was tried, and the threat of double jeopardy was not present. The court in Tucker addressed a factual situation like the one in the case sub judice and stated: "Had Tucker been able to show that the crime of which he was convicted was not committed in Dade County, or that the prosecution had not presented sufficient proof that the crime occurred in the county where the trial was held, the conviction clearly could not stand." Id. at 308.
We hold it was reversible error for the trial court to allow the battery conviction to stand under these facts because Appellant *527 was prejudiced thereby. Ray v. State, 403 So.2d 956, 960 (Fla. 1981); Murphy v. State, 407 So.2d 296 (Fla. 1st DCA 1981); Dydek v. State, 400 So.2d 1255, 1258 (Fla. 2d DCA 1981). Accordingly, we reverse the battery conviction. See State v. Black, 385 So.2d 1372 (Fla. 1980); Powell v. State, 132 Fla. 659, 181 So. 901 (1938); McKinnie v. State, 44 Fla. 143, 32 So. 786 (1902); Hoxie v. State, 483 So.2d 748 (Fla.5th DCA 1986).
Fla.R.Crim.P. 3.150(a) deals with joinder of offenses and provides that "[t]wo or more offenses which are triable in the same court" may be charged in the same information when the offenses "are based on the same act or transaction or on two or more connected acts or transactions." For the reasons given in Issue I, we find the Santa Rosa County battery should not have been tried in the same court as the Escambia County second-degree murder charge. Although Appellant had the right to challenge the joinder of those two offenses in the same amended information, no motion for severance of the offenses was ever made pursuant to Fla. R.Crim.P. 3.152(a). See Boyd v. State, 578 So.2d 718, 723 (3d DCA), rev. den., 581 So.2d 1310 (Fla. 1991); Thames v. State, 454 So.2d 1061, 1063 (Fla.1st DCA 1984) (upon timely motion, defendant has absolute right to severance of improperly joined offenses). The failure to challenge the joinder of the second-degree murder and battery charges by timely motion waived Appellant's right to raise the issue for the first time on appeal, see Channell v. State, 107 So.2d 284, 286 (2d DCA 1958), cert. den., 111 So.2d 41 (Fla. 1959), for no demonstration of clear and actual prejudice regarding the second-degree murder charge has been made under the particular facts of this case. Livingston v. State, 565 So.2d 1288, 1290 (Fla. 1988); Wright v. State, 318 So.2d 477 (4th DCA 1975), cert. den., 334 So.2d 609 (Fla. 1976).
The alleged prejudicial evidence of Appellant and Donny Emmons' physical confrontation just hours prior to Appellant's encounter with the murder victim (Emmons' first cousin) indicates the battery offense led to and was connected with the second offense, the fatal shooting. A mere showing of the "similarity of the circumstances of the charged offenses" would constitute an impermissible basis for joinder, see Boyd, but that is not the situation here. The record is replete with testimony showing a history of physical confrontations and verbal threats involving Appellant, Emmons, the murder victim, and their families. Appellant's own testimony showed that the series of events that immediately preceded his fatal shooting of Ralph Freeman was triggered by Appellant's asking whether Freeman was mad at him because of the battery on Emmons earlier that day. Appellant testified he had the shotgun with him at the time of the shooting precisely because he had "heard a lot of hollering" outside and thought it was "a bunch of boys," including the battery victim, "coming over to jump on" Appellant, as had occurred in prior incidents precipitated by a family fight. Thus, much of the evidence relative to the two offenses arose from a closely connected series of events, and the testimony concerning Appellant's fight with Emmons was background evidence clearly pertinent to the second-degree murder charge. Channell, 107 So.2d at 291; Parker v. State, 421 So.2d 712, 713 (Fla.3d DCA 1982) (affirming denial of motion to sever where charges were part of same course of conduct, and connected in episodic sense, within a period of a few hours).
The policy underlying separation of trials where related crimes are not based on the same act or transaction is the assurance "that evidence adduced on one charge will not be misused to dispel doubts on the other charges." Boyd, 578 So.2d at 723. We do not find that a severance would have been necessary to make a fair determination of Appellant's innocence or guilt. Johnson v. State, 438 So.2d 774, 778 (Fla. 1983), cert. den., 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984); Thames. Any error resulting from the misjoinder of offenses was harmless error. Beltran v. State, 566 So.2d 792 (Fla. 1990); State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
*528 We affirm the requirement that Appellant receive drug evaluation and screening and any necessary treatment, as that is a standard condition of probation that can be imposed on any probationer, irrespective of whether it reasonably relates to the type of offense. See section 948.03(1)(j), Florida Statutes (1988 Supp.); Hayes v. State, 585 So.2d 397, 398 (1st DCA), rev. den., 593 So.2d 1052 (Fla. 1991); Cumbie v. State, 597 So.2d 946, 947 (Fla.1st DCA 1992); Ward v. State, 511 So.2d 1109 (Fla.1st DCA 1987). See also Larson v. State, 572 So.2d 1368, 1371 (Fla. 1991) (absent an objection, defendant may appeal a condition of probation only if it is so egregious as to equate with fundamental error).
REVERSING conviction of battery, and AFFIRMING the joinder of offenses and imposition of conditions of probation.
BOOTH and WEBSTER, JJ., concur.