RYDER, Acting Chief Judge.
David Earl Primm challenges his conviction and sentence for armed robbery. Primm raises four issues on appeal, but only one, which attacks the taxation of court costs, has merit. We affirm Primm’s conviction and sentence, but reverse the imposition ■ of certain court costs and remand to the trial court to correct the judgment by reducing the costs in accordance with this opinion.
Primm argues that the imposition of restitution and of court costs pursuant to sec *659 tions 27.3455 and 943.25, Florida Statutes (1991), should be reversed. Primm did not object to these assessments at the sentencing hearing. The state contends that his failure to object constitutes a waiver of this issue on appeal.
The judgment imposed costs of $250.00 pursuant to section 27.3455. That statute authorizes assessment of only $200.00 in costs against a person found guilty of a felony. Where fundamental error, such as costs in excess of the statutorily permitted assessment, appears on the record, we may review even though the appellant failed to raise the issue below. Robbins v. State, 413 So.2d 840 (Fla. 3d DCA 1982). We reverse the imposition of $250.00 in costs in violation of section 27.3455, and remand with instructions to reduce the costs to $200.00 and correct the judgment accordingly. Primm need not be present for this correction.
The record does not demonstrate that fundamental error occurred in the assessment of restitution and the other court costs. Primm has waived these arguments by failing to object below. See Gilmore v. State, 479 So.2d 791 (Fla. 2d DCA 1985). We therefore affirm the imposition of restitution and court costs pursuant to section 943.25. .
Affirmed in part, reversed in part and remanded.
SCHOONOVER and THREADGILL, JJ., concur.