656 So.2d 521 (1995)
John F. CURRY, Appellant,
v.
STATE of Florida, Appellee.
No. 93-01827.
District Court of Appeal of Florida, Second District.
May 26, 1995.
*522 James Michael Walls of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor and Stephen D. Ake, Asst. Attys. Gen., Tampa, for appellee.
PARKER, Judge.
John F. Curry appeals his sentences for two counts of handling and fondling a child and five counts of lewd and lascivious acts. We affirm the sentences but remand for corrections to Curry's Order of Community Control Followed by Probation and to the Judgment for Fine and Costs.[1]
In addition to numerous other conditions applicable to community control and probation, the order contained the following conditions:
(4) You will neither possess, carry, or own any weapons or firearms without first securing the consent of your Community Control/Probation Officer.
....
(6) You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.
....
(11) While on Community Control you will maintain an hourly accounting of all your activities on a daily log which you will submit to Community Control Officer upon request.
....
(15) You will pay to First Step, Inc. the sum of Twelve Dollars ($12.00) per year for each year of Community Control/Probation ordered, on or before ninety days from the date of this Order.
....
(18) You shall submit to and pay for an evaluation to determine whether or not you have any treatable problem with alcohol and/or illegal drug. If you have said problem, you are to submit to, pay for, and successfully complete any recommended treatment program as a result of said evaluation, all to be completed at the discretion of your Probation Officer.
(19) You will pay $50.00 per month towards court costs in the amount of $300.00 as ordered by this Court commencing with the first month of probation or community control under the terms of this Order until paid in full.
We direct that Condition 4 be struck because a convicted felon may not possess a firearm lawfully. See Jennings v. State, 645 So.2d 592 (Fla. 2d DCA 1994). That portion of Condition 6 that Curry will not use intoxicants to excess must be struck because the trial court did not announce it to Curry in open court. Otherwise, the remaining requirements of Condition 6 are valid. See Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). We direct that Condition 11 be struck because it is a special condition that the court failed to announce orally to Curry in open court. See Vinyard v. State, 586 So.2d 1301 (Fla. 2d DCA 1991). We conclude that Condition 15 must be struck because the trial court provided no statutory reference for the imposition of this cost. See Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). That portion of Condition 18 requiring Curry to submit at his own expense to evaluation and treatment programs must be struck because this was a special condition not announced orally in Curry's presence. See Nank; but see Navarre v. State, 608 So.2d 525 (Fla. 1st DCA 1992) (requirement of drug evaluation, screening, and treatment is a standard condition of probation). We certify conflict with Navarre. We hold that Condition 19 must be revised. The trial court failed to pronounce anything with respect to *523 the costs it would impose. The court then entered a Judgment for Fine and Costs which listed each cost and the statutory authority therefor. A trial court must announce individually each discretionary cost in a manner in which the defendant will have notice of the amount of the cost and the legal basis for the cost. The trial court must afford the defendant an opportunity to object in open court to the imposition of the discretionary costs. Reyes v. State, 20 Fla. L. Weekly D467, 655 So.2d 111 (Fla. 2d DCA Feb. 15, 1995) (en banc). We, therefore, must strike the imposition of $45 for costs of prosecution and the $2 portion of the total $5 amount assessed for the Criminal Justice Trust Fund pursuant to section 943.25(13), Florida Statutes (1991). The trial court must modify Condition 19 to show that the amount of costs totaled $253.[2] The trial court also must modify the Judgment for Fine and Costs to delete the $45 for costs of prosecution and to impose a cost of only $3 for the Criminal Justice Trust Fund.[3]
We affirm the sentences in this case but remand to the trial court to modify the Order of Community Control Followed by Probation by striking Conditions 4, 11, and 15 and modifying Conditions 6, 18, and 19 and to modify the Judgment for Fine and Costs in accordance with this opinion.
CAMPBELL, A.C.J., and LAZZARA, J., concur.
NOTES
[1] Curry raised other points on appeal which we have concluded did not constitute reversible error.
[2] Curry challenged two other conditions of probation, but we hold that the trial court lawfully imposed these valid conditions.
[3] The Judgment for Fine and Costs originally was not included in the record on appeal. The state then supplemented the record on appeal with the Judgment after it filed a motion for rehearing. We, therefore, now have reviewed the Judgment and conclude that fundamental error on the record exists as to the costs of prosecution and the cost assessed for the Criminal Justice Trust Fund and, accordingly, modify the Judgment sua sponte. See Primm v. State, 614 So.2d 658 (Fla. 2d DCA 1993).