PER CURIAM.
The appellant, Percy Wright, challenges his judgments and sentences for possession of cocaine and possession of narcotics paraphernalia. We reject his argument that the trial court erred in denying his motion to suppress evidence. We agree, however, that certain costs and conditions of probation must be struck.
Accordingly, consistent with Curry v. State, 656 So.2d 521 (Fla. 2d DCA 1995), we direct that on remand the trial court strike from the Judgment for Fine and Costs the imposition of $50 for costs of prosecution and the $2 portion of the total $5 amount assessed for the Criminal Justice Trust Fund pursuant to section 943.25(13), Florida Statutes (1993).[1] We also direct, as in Curry, that condition 4 of appellant’s probation order be struck because a convicted felon may not lawfully possess a firearm. Finally, in accord with Curry, that portion of condition 6 of the probation order requiring appellant to refrain from using intoxicants to excess must be struck because the trial court did not orally pronounce it at sentencing. Otherwise, the remaining restrictions of this condition are valid.[2]
We, therefore, affirm the appellant’s judgments and sentences but remand to the trial court for modification of the cost judgment and the probation order in accordance with this opinion.
Affirmed and remanded with directions.
SCHOONOVER, A.C.J., and LAZZARA and WHATLEY, JJ., concur.

. We affirm the imposition of the other costs because they were statutorily mandated. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc). Additionally, contrary to appellant's argument, the Judgment for Fine and Costs contains citations to the proper statutory authority supporting the assessment of these costs. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994).

. Appellant did not specifically challenge any other condition of probation.