662 So.2d 983 (1995)
Richard A. KNAPP, Appellant,
v.
FLORIDA MINING AND MATERIALS, Appellee.
No. 94-3324.
District Court of Appeal of Florida, First District.
October 27, 1995.
Rehearing Denied December 4, 1995.
*984 Enrique Escarraz III, St. Petersburg; Donald C. Anderson, St. Petersburg, for appellant.
Mary Ann Stiles, William E. Curphey, and Debra M. Metzler of Stiles, Taylor & Metzler, P.A., Tampa, for appellee.
KAHN, Judge.
Claimant Richard A. Knapp appeals from a workers' compensation order denying his claim for reinstatement of permanent total disability (PTD) benefits. Knapp claims that the judge of compensation claims (JCC) erred in failing to require a modification of previous orders as required by section 440.28, Florida Statutes. We agree and reverse.
Knapp sustained a low back injury on December 30, 1985 when a concrete slab caved in and fell on top of him. As a result, he underwent several surgical procedures. On July 8, 1988, the employer/carrier (E/C) administratively accepted claimant as being permanently totally disabled effective September 9, 1987, the date of maximum medical improvement. When Knapp sought payment for certain medical benefits at a November 1988 hearing, the parties stipulated that E/C had previously accepted Knapp as PTD. At a subsequent hearing in April 1990, Knapp sought payment of PTD supplemental benefits. Again, the parties stipulated that claimant was accepted as PTD. The JCC at that time awarded PTD supplemental benefits, incorporating into his findings the stipulation that Knapp had been accepted as PTD.
On July 23, 1994, the carrier suspended Knapp's benefits because surveillance films showed Knapp was working and not reporting his income. Knapp filed a claim for benefits, seeking reinstatement of PTD benefits from July 24, 1993 and continuing.
The JCC, after holding a hearing on the claim for reinstatement of PTD benefits, denied the claim. The JCC found the prior orders in the case did not make any findings concerning PTD so as to require E/C to move forward in a modification proceeding instead of having claimant move forward on a claim for an adjudication of PTD.
While the question of whether the parties reached a formal stipulation as to permanent total disability may be disputed, we need not resolve that issue. In 1990 the JCC entered an order awarding PTD supplemental benefits, and the E/C did not appeal that order. Thus, as of the date of that order, and continuing, claimant had an enforceable workers' compensation award. A carrier may not unilaterally modify an order so as to oust the circuit court from its jurisdiction to enforce the order, and a claimant is entitled to have such order enforced until the order has been modified pursuant to an application for modification under section 440.28, Florida Statutes. City of Miami v. *985 Knight, 510 So.2d 1069, 1072 (Fla. 1st DCA 1987), review denied, 518 So.2d 1276 (Fla. 1987), rev'd on other grounds, Barragan v. City of Miami, 545 So.2d 252 (Fla. 1989); Pierce v. Aetna Ins. Co., 519 So.2d 754 (Fla. 1st DCA 1988). Modification is not required where prior orders do not adjudicate the issue on the merits. Here, however, the JCC did adjudicate an entitlement to the PTD supplement, and such adjudication could not have been made without an underlying right to PTD benefits. E/C may not now unilaterally discard the order awarding PTD supplemental benefits. Because the JCC should have required E/C to seek a modification under the statute, we REVERSE and REMAND.
DAVIS, J., and SMITH, Senior Judge, concur.