THREADGILL, Chief Judge.
Coby appeals his judgments and sentences for grand theft and resisting an officer without violence. He challenges the constitutionality of Florida’s Civil Restitution Lien and Crime Victims Remedy Act of 1994, sections 960.29 through 960.297, Florida Statutes (Supp.1994). We decline to address this issue because the appellant did not properly present it to the trial court and therefore the issue was not preserved for review by this *239 court. See Nevels v. State, No. 94-03826, — So.2d - (Fla. 2d DCA Dee. 13, 1995).
We agree with Coby’s remaining argument and strike that portion of probation condition five prohibiting the use of intoxicants to excess because the court failed to announce it in court. Curry v. State, 656 So.2d 521 (Fla. 2d DCA 1995). We also strike the $2.00 cost imposed pursuant to section 943.25(13), Florida Statutes, because it was not announced at sentencing. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). We also strike the $33.00 cosVfine which was imposed without statutory authority. These costs may be re-imposed on remand. Reyes.
Affirmed in part; reversed in part.
FRANK and FULMER, JJ., concur.