682 So.2d 1091 (1996)
John F. CURRY, Petitioner,
v.
STATE of Florida, Respondent.
No. 85910.
Supreme Court of Florida.
November 7, 1996.
John F. Curry, Avon Park, pro se.
Jeffrey E. Appel of Holland & Knight, Lakeland, for Petitioner.
Robert A. Butterworth, Attorney General; Robert J. Krauss, Senior Assistant Attorney General, Bureau Chief, Criminal Law Division, and Stephen D. Ake, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
We accepted jurisdiction to review Curry v. State, 656 So.2d 521 (Fla. 2d DCA 1995), which certified conflict with Navarre v. State, 608 So.2d 525 (Fla. 1st DCA 1992). However, on closer examination, we find that review was improvidently granted.
*1092 The cases address different propositions of law which are not in conflict. The district court in Curry correctly struck that portion of the defendant's probation order that required him to pay for drug evaluation and treatment programs "because this is a special condition not announced orally" in the defendant's presence at sentencing. 656 So.2d at 522.
In contrast, the defendant in Navarre objected to a condition of probation requiring him to submit to drug evaluation and screening as not reasonably related to his second-degree murder and battery offenses. 608 So.2d at 526. The First District affirmed the condition of probation, holding that it "is a standard condition of probation that can be imposed on any probationer, irrespective of whether it reasonably relates to the type of offense." Id. at 528. The First District was correct because such a requirement was a standard condition of probation provided for in section 948.03(1)(j), Florida Statutes (1988 Supp.). The First District did not address a "special" condition requiring the defendant to pay for his drug evaluation and treatment as did the Second District in Curry.
Because no conflict exists between Curry and Navarre, we accordingly dismiss the petition.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NO MOTION FOR REHEARING WILL BE ALLOWED.