CASANUEVA, Judge.
Michael Norman appeals sentences imposed after a guilty plea on June 13, 1997, for the offenses of armed burglary, burglary of a dwelling (with no firearm), and grand theft, all of which occurred on September 6, 1996. He raises three issues, all of which have merit. He preserved these issues by filing a pro se motion in the trial court that comported with Florida Rule of Criminal Procedure 3 .800.
First, because Mr. Norman was sentenced under the 1995 sentencing guidelines, we remand this ease to the trial judge to reconsider his sentence. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
On remand, the trial judge should correct the appropriate guidelines scoresheet to delete the 18 points that were scored for use of a firearm. The enhancement points were applicable only to the theft of a firearm charge, because the use of a firearm was an essential element of Mr. Norman’s armed burglary charge and the other burglary of a dwelling was not committed with a firearm. As to theft of a firearm, the Florida Supreme Court has held that the 18-point enhancement is improper when the offense, as in this case, is specifically predicated upon acquisition of the firearm rather than its use. See White v. State, 714 So.2d 440 (Fla.1998).
Finally, on remand the trial judge should correct the order of probation by striking condition (8) requiring Mr. Norman to pay for drug and alcohol treatment and by qualifying condition (6) to require that he maintain employment “insofar as may be possible.” See Weekfall v. State, 686 So.2d 618 (Fla. 2d DCA 1996); Curry v. State, 682 So.2d 1091 (Fla.1996).
Remanded for reconsideration of sentence and correction of order of probation.
BLUE, A.C.J., and NORTHCUTT, J., Concur.