995 So.2d 987 (2008)
Jose F. RODRIGUEZ, Appellant,
v.
QUALITY ENGINEERING PRODUCTS and Nationwide Insurance, Appellees.
No. 1D06-6578.
District Court of Appeal of Florida, First District.
October 2, 2008.
Rehearing Denied November 18, 2008.
*988 Jose Rodriguez, pro se, Appellant.
Daniel T. Jaffe of Rissman, Barrett, Hurt, Donahue & McLain, P.A., Tampa, for Appellees.
PER CURIAM.
In this workers' compensation appeal, Claimant argues the JCC should be reversed on several grounds. Specifically, Claimant argues the JCC erred by denying authorization for ongoing medical treatment, denying payment for past unauthorized medical costs, and refusing to admit into evidence a medical composite of unauthorized medical providers. We affirm as to each of these grounds because the JCC's findings were supported by competent, substantial evidence. Claimant's remaining argument is that the JCC erred in denying his claim for reinstatement of PTD benefits based on his finding that there had been no prior adjudication of PTD benefits. For the reasons explained below, we reverse.
When a JCC adjudicates the entitlement to a benefit, which is predicated on an underlying entitlement to another benefit, the e/c cannot unilaterally modify entitlement to that underlying benefit. See Knapp v. Fla. Mining & Materials, 662 So.2d 983, 985 (Fla. 1st DCA 1995). In Knapp, the JCC entered an order awarding PTD supplemental benefits. The order followed the e/c's administrative acceptance of claimant as PTD. The e/c subsequently suspended Knapp's PTD benefits on grounds it had administratively accepted him as PTD and there had never been an adjudication of PTD. The JCC agreed. This court reversed, holding the JCC could not have adjudicated entitlement to the supplemental benefits "without an underlying right to PTD benefits." Id. Consequently, the JCC's order adjudicating entitlement to PTD supplemental benefits constituted an adjudication of entitlement to PTD benefits.
Similarly, here, the JCC adjudicated entitlement to a Social Security offset as it applied to the payment of PTD benefits. Because an adjudication could not have been made without an underlying right to PTD benefits, the JCC's finding that there had been no prior adjudication of PTD benefits is not supported by competent, substantial evidence.
Accordingly, the JCC's order is AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
KAHN, VAN NORTWICK, and PADOVANO, JJ., concur.