996 So.2d 229 (2008)
LEE COUNTY PARKS AND RECREATION/LEE COUNTY BOARD OF COUNTY COMMISSIONERS and Gallagher Bassett Services, Inc., Appellants/Cross-Appellees,
v.
Beverly Dudney FIFER, Appellee/Cross-Appellant.
No. 1D08-1057.
District Court of Appeal of Florida, First District.
October 29, 2008.
Rehearing Denied December 17, 2008.
*230 Date of Accident: February 25, 1983. Michael F. Tew of Law Offices of Michael F. Tew, P.L., Ft. Myers, for Appellants/Cross-Appellees.
Brian O. Sutter of All Injuries Law Firm of Brian Sutter, Port Charlotte; and Richard W. Ervin, III of Fox & Loquasto, P.A., Tallahassee, for Appellee/Cross Appellant.
PER CURIAM.
In this appeal and cross-appeal, the employer/carrier (E/C) challenge the Judge of Compensation Claims' (JCC) ruling that they could not unilaterally suspend the permanent total disability (PTD) benefits they had been voluntarily paying Claimant. The E/C argue that, because there was no order adjudicating Claimant's entitlement to PTD benefits, the E/C could terminate those benefits at any time. The E/C also challenge the JCC's award of PTD benefits from the date they were terminated and continuing, asserting the JCC failed to address whether Claimant proved entitlement to such benefits.
On cross-appeal, Claimant challenges the JCC's finding that she was not entitled to authorization of a neurologist, the JCC's ruling that certain medical testimony on this issue was inadmissible, and the JCC's denial of bad-faith attorney's fees, asserting the JCC erred in failing to conduct a separate fact-finding proceeding on the issue. For the reasons explained below, we reverse the JCC as to the two issues on appeal and as to the issue on cross-appeal regarding the admissibility of the medical testimony. We affirm without comment as to the remaining issues on cross-appeal.

Factual Background
Claimant suffered a compensable injury on February 25, 1983. She reached maximum medical improvement (MMI) on September 10, 1990, and since that time, the E/C have continued to provide palliative care in the form of chiropractic treatment. The E/C administratively accepted Claimant as PTD in 1991 and commenced paying PTD benefits. In January 2004, Claimant underwent an independent medical examination (IME) with Dr. Moorefield, which the E/C arranged. Dr. Moorefield eventually recommended Claimant undergo a functional capacity evaluation (FCE) to assist him in evaluating her physical condition. Both Claimant and the E/C agree Claimant's condition improved subsequent to bariatric surgery she underwent prior to the IME. In August 2004, the E/C sought to obtain the FCE.
Claimant failed to attend the FCE appointments scheduled in August, September, and October of 2004. She explained she was forced to evacuate her home during those months due to hurricanes and did not receive notice of the appointments until after the fact. The E/C's adjuster administratively suspended all benefits on October 8, 2004, based on Claimant's failure to attend the FCE's and having received no information from Claimant as to whether she intended to attend an FCE.
Claimant saw Dr. Gary Weiss, a neurologist, on April 3, July 30, and August 8, 2007. Claimant's authorized chiropractor, Dr. Paul Yocum, testified he referred Claimant to Dr. Weiss on August 2, 2007, and he was aware she had seen Dr. Weiss prior to that date. Dr. Weiss testified as to Claimant's need for medical treatment. *231 However, the JCC denied admissibility of this testimony.
At the final hearing, Claimant sought, inter alia, PTD benefits from the date of termination to the present and continuing, authorization of Dr. Weiss or another primary care physician, and bad-faith attorney's fees. Both parties submitted evidence addressing whether Claimant was PTD and stipulated the 1983 version of the statutes governed the issues of medical care and indemnity.

The E/C's Unilateral Suspension of PTD Benefits
Ultimately, the JCC found no statutory authority for the E/C to unilaterally suspend Claimant's PTD benefits due to her failure to attend the FCE's. Based on this finding, the JCC ordered the E/C to recommence PTD benefits from the October 8, 2004, termination date "and forward." This was error.
Because the E/C voluntarily paid PTD benefits and there was no adjudication of Claimant's entitlement to such benefits, the E/C were entitled to unilaterally suspend PTD benefits because of Claimant's failure to attend an FCE, or for any other reason. See Knapp v. Fla. Mining & Materials, 662 So.2d 983 (Fla. 1st DCA 1995).
In Knapp, the E/C voluntarily commenced paying PTD benefits. Id. at 984. Subsequently, the claimant sought payment of certain medical benefits, and at a hearing on that issue, the parties stipulated the E/C had previously accepted the claimant as PTD. In a later hearing, the claimant sought PTD supplemental benefits, and the parties entered the same stipulation. The JCC awarded PTD supplemental benefits and, in his findings, incorporated the parties' stipulation. Id.
Subsequent to that order, the E/C suspended PTD benefits based on evidence that the claimant was working and not reporting his income. The claimant sought reinstatement of PTD benefits. The JCC denied the claim, finding the prior orders did not make findings concerning PTD. This court reversed, noting the JCC had entered an order awarding PTD supplemental benefits, and the E/C did not appeal that order. The Knapp court held the JCC's adjudication of supplemental PTD benefits could not have been made without an underlying right to PTD benefits. Consequently, "as of the date of that order, and continuing, claimant had an enforceable workers' compensation award," which the E/C could not unilaterally modify. Id.
Conversely, here, there were no prior orders adjudicating PTD or supplemental PTD benefits. Thus, there was no enforceable workers' compensation order regarding Claimant's entitlement to PTD benefits, and the E/C were entitled to suspend such benefits at any time before such an order was rendered. Id. This is true regardless of whether the 1983 or 2003 version of the statute is applied.

Claimant's Entitlement to PTD Benefits
The parties agree the issue of Claimant's entitlement to PTD benefits was ripe for adjudication at the final hearing, and the JCC's order indicates it was one of the issues to be decided. However, nowhere in the order does the JCC discuss any of the evidence on this issue. Rather, it focuses only on whether there was statutory authority for the E/C to unilaterally suspend PTD benefits. On the face of the order, it appears that, once the JCC found there was no such authority, he determined he did not have to address the issue of whether Claimant was entitled to PTD benefits.
*232 This court has held that a JCC "need make only such findings of ultimate material fact upon which he relies, as are sufficient justification to show the basis of an award...." Chavarria v. Selugal Clothing, Inc., 840 So.2d 1071, 1077 (Fla. 1st DCA 2003). However, here, the decretal portion of the JCC's order awarding recommencement of PTD benefits does not satisfy this requirement. The JCC did not discuss any medical opinion testimony other than Dr. Moorefield's opinion that Claimant's condition had improved after her bariatric surgery. He made no findings about Claimant's ability to work or about her physical restrictions. Thus, it is unclear whether the JCC considered the merits of Claimant's entitlement to PTD benefits. If he did, his order lacks sufficient findings to form the basis of an appeal on the merits.
Based on the foregoing, we reverse the JCC's award of PTD benefits and remand for the JCC to make findings regarding Claimant's entitlement to PTD benefits from the date they were terminated forward applying the substantive provisions of section 440.15, Florida Statutes (1983).

Admissibility of Dr. Weiss' Opinion
The JCC held that, because Dr. Weiss was not an authorized treating physician, an independent medical examiner, or an expert medical advisor, his testimony regarding Claimant's condition and need for care was inadmissible and could not form the basis for a change in doctor or additional care. In reaching this conclusion, the JCC applied the 2003 version of section 440.13(5)(e), Florida Statutes, which provides that only the opinion testimony of a doctor who falls into one of these categories is admissible. The JCC concluded this statutory amendment was procedural and, thus, retroactive to the date of accident.
As conceded by the E/C, this was error. See S. Bakeries v. Cooper, 659 So.2d 339, 340 (Fla. 1st DCA 1995).
REVERSED in part, AFFIRMED in part, and REMANDED for proceedings consistent with this opinion.
BROWNING, C.J., WOLF and WEBSTER, JJ., concur.