PER CURIAM.
 

 The Employer/Carrier (E/C) appeals the Judge of Compensation Claims’ (JCC) award of medical and indemnity benefits. Because the order contains no ultimate findings of fact or conclusions of law, we reverse.
 

 Section 440.25(4)(e), Florida Statutes, requires the JCC only to “set forth the findings of ultimate facts and the mandate; and the order need not include any other reason or justification for such mandate.” It is necessary, however, for the JCC to make sufficient findings of ultimate
 
 *1194
 
 facts to permit appellate review.
 
 See Lee County Parks & Recreation/Lee County Bd. of County Com’rs v. Fifer,
 
 996 So.2d 229, 232 (Fla. 1st DCA 2008) (reversing the JCC’s award of indemnity benefits because it was “unclear whether the JCC considered the merits” of the claim).
 

 Here, the JCC’s “factual findings” consisted of relaying Claimant’s testimony. No medical testimony was even mentioned. Additionally, an ambiguity was created when the JCC sustained the E/C’s objection to Claimant’s testimony regarding the need for a plastic surgeon, which the E/C argued was a new claim, while simultaneously advising the parties that the issue was a medical one, and that he would review the medical testimony and be guided accordingly. The JCC’s order makes no finding as to which argument was accepted.
 

 Another issue before the JCC was a claim for temporary partial disability benefits. Included in the E/C’s defenses was that the benefit was not due because Claimant was terminated for cause, and there was no medical evidence to support an award of temporary partial disability benefits. The JCC hinted at his ultimate finding, at least in regard to the defense of termination for cause, when he found “Ms. West’s indication that any absences deemed ‘excessive’ would be the result of her compensable accident appears well founded.” The JCC did not, however, reference any medical evidence to support the award. Because the JCC included an award of temporary partial disability benefits in the decretal portion of the order, it appears the JCC rejected the E/C’s defenses.
 

 This court will not “evaluate and weigh the evidence produced below.”
 
 Allen v. Protel, Inc.,
 
 852 So.2d 916, 921 (Fla. 1st DCA 2003) (reversing and remanding “the case for further consistent proceedings,” where the JCC failed to explain why he rejected the expert medical advisor’s opinion). Here, the JCC’s failure to make ultimate findings of fact precludes meaningful appellate review.
 

 Accordingly, this matter is REVERSED and REMANDED for proceedings consistent with this opinion.
 

 HAWKES, C.J., PADOVANO and ROBERTS, JJ., concur.