396 So.2d 206 (1981)
Lorraine Day SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 80-978.
District Court of Appeal of Florida, Second District.
March 6, 1981.
Rehearing Denied April 8, 1981.
*207 Jack O. Johnson, Public Defender, and Douglas A. Lockwood, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Appellant's conviction is affirmed. However, portions of the sentence and the order placing appellant on probation are invalid and must be stricken.
Appellant was charged with second-degree murder and convicted of the lesser included offense of manslaughter. She was placed on probation for fifteen years with the special condition (Condition 11) that she serve two years in prison. Subsequent to appellant's sentencing, our supreme court held in Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1980), that the maximum period of incarceration which may be imposed as a condition of probation may not equal or exceed one year. The prison term specified in this special condition is therefore excessive.
In addition, standard condition 4 of appellant's probation requires that she not possess, carry, or own any weapons or firearms "without first securing the consent of your Probation Officer." This condition must be stricken. Under section 790.23, Florida Statutes (1979), which prohibits a convicted felon from owning, possessing, or controlling any electric weapons or firearms, there is no authority for appellant's probation officer to consent to what would otherwise be a violation of the statute.
We find no merit to the other points raised by appellant. However, one of those other points requires a brief discussion, lest this opinion be misconstrued. That point is the trial court's failure to instruct the jury that a homicide defendant has no duty to retreat in his own home even if the victim is a co-occupant. The record reflects that defense counsel requested such an instruction, but the trial court did not specifically agree or refuse to give it. After the jury had been instructed and retired to consider its verdict, the trial court afforded defense counsel the opportunity to dictate into the record his objections to the instructions. Counsel availed himself of this opportunity, but did not mention the trial court's failure to give the defense of home instruction. His failure to do so constituted a waiver of this objection. Fla.R.Crim.P. 3.390(d); Febre v. State, 158 Fla. 853, 30 So.2d 367 (1947); Zuberi v. State, 343 So.2d 664 (Fla.3d DCA), cert. denied, 354 So.2d 988 (Fla. 1977). Accordingly, we do not decide this issue, and our opinion is therefore not to be construed as any indication whatsoever of our views on the merits of the question.
Accordingly, the judgment is affirmed, but the sentence and order of probation are vacated and the cause remanded with directions to resentence appellant in accordance with this opinion.
OTT and CAMPBELL, JJ., concur.