OTT, Chief Judge.
Dexter Hinton appeals from plea-based convictions of burglary with an assault and two counts of robbery.
Prior to sentencing, defendant moved to withdraw his pleas. Defendant offered no reasons in support of this motion. We find no error in the lower court’s denial of appellant’s motion to withdraw the pleas. See Baker v. State, 408 So.2d 686, 687 (Fla. 2d DCA 1982).
In this appeal, appellant contends that the pleas were improperly taken and should have been withdrawn because insufficient factual bases were presented and he was not informed of the correct maximum potential sentence on the burglary charge. These issues raise errors allegedly occurring contemporaneously with entry of the pleas *1009 and, as such, are not subject to direct appeal in the absence of an appropriate motion to withdraw the pleas filed in the lower court. See Robinson v. State, 373 So.2d 898 (Fla.1979), and Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979).
Appellant argues that certain conditions of his probation are improper. We agree that standard condition 4, prohibiting the possession, carrying, or use of weapons or firearms without prior consent of his probation officer, should be stricken since appellant is a convicted felon. See Smith v. State, 396 So.2d 206 (Fla. 2d DCA 1981). However, we find no merit to the remaining objections to the other conditions of probation.
Accordingly, condition 4 is hereby STRICKEN. In all other respects, appellant’s convictions, sentences, and conditions of probation as amended are AFFIRMED.
BOARDMAN and SCHEB, JJ., concur.