594 So.2d 345 (1992)
STATE of Florida, Appellant,
v.
Jerome GAVIN, Appellee.
Nos. 91-02043, 91-02255.
District Court of Appeal of Florida, Second District.
March 4, 1992.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Timothy A. Hickey, Asst. Public Defender, Bartow, for appellee.
PATTERSON, Judge.
The state appeals the trial court's order granting the motion to suppress rolls of coins found on the appellee which were allegedly taken from a burglarized restaurant. We reverse.
Deputies responded to a radio report of a suspect who had just burglarized a restaurant. A witness had described the suspect as a black male, approximately six feet tall, wearing a hat and a red-and-white striped shirt with tan baggy pants, and carrying a brown paper bag. Fifteen to twenty minutes later, Deputy Merrick observed the appellee about one-half mile from the restaurant. *346 He was dressed as described by the witness. Merrick stopped the appellee and requested him to put the brown paper bag he was carrying on the trunk of Merrick's patrol car. Deputy Kenyan moved it with his hand and felt it was heavy. Merrick also picked up the bag, and feeling it was heavy, thought it could have held coins. Merrick opened the bag and saw rolls of pennies with numbers written on the rolls.
Deputy Kenyan read the appellee his Miranda rights. The deputies did not ask the appellee questions but merely told him that he was stopped because he matched the description of a burglary suspect. Witnesses were brought to Merrick's patrol car and identified the appellee as the perpetrator of the restaurant burglary. Merrick testified that he did not search the bag until the identification was made. The appellee was arrested for the restaurant burglary.
The police officers had a reasonable suspicion to stop and detain the appellee based on the detailed description given in the radio report which matched the appellee exactly. Once the witnesses identified the appellee as the man they had seen at the burglarized deli, the police had probable cause to make an arrest. See Robinson v. State, 556 So.2d 450 (Fla. 1st DCA 1990). Thereafter, the search incident to arrest was permissible. Dixon v. State, 343 So.2d 1345 (Fla.2d DCA 1977). Therefore, the trial court erred in granting the appellee's motion to suppress. We reverse the denial and remand for further proceedings.
LEHAN, A.C.J., and FRANK, J., concur.