604 So.2d 842 (1992)
Christopher BECKNER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01892.
District Court of Appeal of Florida, Second District.
May 27, 1992.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Wendy Buffington, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
We have for review three sentencing issues raised by Christopher Beckner who pleaded nolo contendere to charges of robbery and kidnapping. We agree with Beckner that the errors in the sentencing scheme designed by the trial court require reversal and resentencing. The trial court imposed concurrent sentences of five years incarceration for robbery, to be followed by ten years probation, and three years imprisonment for each of two kidnappings, also to be followed by ten year probationary terms. Consequently, the periods of probation stemming from the kidnapping convictions will precede the completion of the five year prison term. A trial court is *843 not authorized to impose intermittent periods of incarceration and probation. Humphrey v. State, 579 So.2d 335 (Fla. 2d DCA 1991). The trial court is to modify the sentences to insure that the probationary terms immediately succeed the incarcerative periods.
Beckner also asserts, and we agree, that certain conditions of the probation, not announced orally below, bear no reasonable relation to the offenses for which he was convicted. Hence, we strike the probationary conditions restricting Beckner's consumption of alcohol, and prohibiting the visitation of premises upon which alcohol is served. See Daniels v. State, 583 So.2d 423 (Fla. 2d DCA 1991). Similarly, the probation order requires Beckner to obtain the consent of his probation officer to possess a firearm. As a convicted felon, Beckner has, at least for the present, forfeited his right to own and possess a firearm. This condition, too, is stricken. Hinton v. State, 439 So.2d 1008 (Fla. 2d DCA 1983).
Finally, we find merit in Beckner's challenge to the public defender's fee imposed by the trial court without affording Beckner the opportunity to object to the amount. See Fla.R.Crim.P. 3.720(d)(1). We strike the fee without prejudice to its assessment after notice to Beckner advising him of his right to a hearing at which he may contest the amount. Bull v. State, 548 So.2d 1103 (Fla. 1989).
We remand for further proceedings not inconsistent with this opinion.
LEHAN, A.C.J., and ALTENBERND, J., concur.