604 So.2d 843 (1992)
Jeffrey L. MERCER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01357.
District Court of Appeal of Florida, Second District.
July 1, 1992.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
We affirm defendant's judgment which adjudicated him guilty of accessory after the fact. We also affirm his sentence except for certain probation conditions which we strike.
Condition 4, which requires defendant to obtain the consent of his probation officer to possess a firearm, is stricken. See Beckner v. State, 604 So.2d 842 (Fla. 2d DCA 1992) (a convicted felon may not lawfully possess a firearm). Condition 12 is stricken because it is a special condition of probation that was not orally pronounced at the sentencing hearing. See Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992). Condition 17, which imposes attorney's fees, is stricken because defendant was not given notice of the opportunity to be heard concerning the amount of the fees. See Johnson v. State, 576 So.2d 916, 918 (Fla. 2d DCA 1991).
The portions of conditions 6, 9, 11, and 13 which restrict the consumption of alcohol, prohibit visiting places that sell alcohol, and require that the defendant be evaluated for alcohol abuse are stricken because they are special conditions of probation that were not orally pronounced at the sentencing hearing, nor are they reasonably *844 related to the crime committed. See Tillman.
Upon remand the foregoing conditions, and portions thereof, which have been stricken shall be deleted from the sentence. The attorney's fees are stricken without prejudice to the state again to seek the imposition of such fees with proper notice and opportunity to be heard.
Affirmed as modified.
LEHAN, C.J., and RYDER and PATTERSON, JJ., concur.