620 So.2d 257 (1993)
Tony RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02273.
District Court of Appeal of Florida, Second District.
June 25, 1993.
James Marion Moorman, Public Defender, Bartow, and Karen K. Purdy, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Tony Richardson appeals condition 12 of the order of probation which forbids the use of alcohol or frequenting places where alcohol is the main source of business. He argues that this condition is unrelated to the crime charged (possession of cannabis with the intent to sell), and it does not accurately reflect the oral pronouncement made by the court. Both of Richardson's arguments have merit and require that the part of condition 12 which restricts the use of alcohol should be struck.
Recently, the supreme court has approved this court's test as set forth in Rodriguez v. State, 378 So.2d 7, 9 (Fla. 2d DCA 1979) for determining whether or not a condition of probation is valid. Biller v. State, 618 So.2d 734 (Fla. 1993). In Rodriguez, this court held that a "condition of probation is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." Rodriguez, 378 So.2d at 9. As such, condition 12 imposed upon Richardson cannot be upheld under any part of the test set forth in Rodriguez. The condition is not related to the crime charged; the consumption of alcohol is not illegal; and the use of alcohol is not reasonably related to future criminality. Accordingly, we strike the condition. See Edmunds v. State, 559 So.2d 415 (Fla. 2d DCA 1990).
Additionally, at sentencing while the trial court instructed Richardson not to consume any alcohol, the court did not instruct Richardson that he could not "frequent places where alcohol is the main source of business." Therefore, because the written order does not accurately reflect the oral pronouncement, we strike *258 that portion of the written order. See Pratt v. State, 601 So.2d 619 (Fla. 2d DCA 1992).
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.