623 So.2d 591 (1993)
Denson Emory GRATE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1982.
District Court of Appeal of Florida, Fifth District.
August 27, 1993.
James B. Gibson, Public Defender, and Susan A. Fagan, Asst. Public Defender, Daytona Beach, for appellant.
*592 Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Chief Judge.
Denson Emory Grate challenges certain conditions of his probation and the amount of the public defender fee assessed against him.
Grate was charged with two counts each of unlawful sale and possession of cocaine in two separate cases. Pursuant to a plea agreement, he pled guilty to all counts in exchange for a total sentence of one year of community control followed by two years of probation. The judge accepted the pleas, adjudicated the defendant guilty, and sentenced him on each case as agreed, the two sentences to run concurrent. The judge also imposed numerous conditions on the defendant's probation, among them the following: the defendant cannot enter any bar or liquor lounge without permission from his probation officer; he cannot consume any alcohol whatsoever; and he cannot possess, carry, or own any weapon or firearm without first securing the consent of his probation officer. Appellant was also assessed a lien for a public defender's fee of three hundred dollars and court costs of two hundred and fifty-five dollars.
Defense counsel objected to the probation conditions prohibiting the defendant from entering any bar or from consuming alcohol, arguing that these conditions have nothing to do with the crimes of possession and sale of cocaine. Therefore, defense counsel argued before the trial court and now argues before us that because probation conditions must be reasonably tailored to the crimes involved, these particular conditions were invalid. We agree.
The leading case on this issue is Biller v. State, 618 So.2d 734 (Fla. 1993), in which the supreme court adopted the following test for determining whether special conditions of probation were valid:
In determining whether a condition of probation is reasonably related to rehabilitation, we believe that a condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. Rodriguez v. State, 378 So.2d at 9.
Id. at 734-35 (quoting Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979)).
In Biller, the defendant was convicted of carrying a concealed firearm, and the trial court imposed alcohol related conditions similar to those in the instant case. The Fourth District Court affirmed these conditions, but the supreme court invalidated them. Applying the Rodriguez test, the court noted that there was nothing connecting the use of alcohol with any of the crimes of which the defendant was convicted, nor was the use of alcohol illegal, nor was there anything in the record indicating the defendant even had a propensity toward alcohol. Therefore, the conditions could not be legally imposed.
The Second District Court recently applied the Rodriguez test to facts similar to ours in Richardson v. State, 620 So.2d 257 (Fla. 2d DCA 1993). The defendant in Richardson was convicted of possession of cannabis with the intent to sell. Just as in the instant case, the trial court required that the defendant refrain from using alcohol or frequenting places where alcohol is the main source of business as a condition of his probation. On appeal, the Second District concluded that the condition was invalid because it had no relationship to the crime of which the defendant was convicted, related to conduct which was not itself criminal, and prohibited conduct which was not reasonably related to future criminality.
We agree with Richardson that the alcohol related conditions imposed in this case do not bear any relation to these crimes, they prohibit otherwise noncriminal activity, and they forbid behavior which is not reasonably related to future criminality. As such, based on Biller and Richardson, these conditions are stricken.
The defendant also challenges the condition prohibiting him from owning, possessing or carrying a firearm without the consent of his probation officer as an invalid delegation of authority to a probation officer. *593 The State agrees that the consent requirement should be stricken but argues that the remainder of the condition is valid. We agree.
As a convicted felon, the defendant has forfeited his right to own or possess a firearm. See section 790.23(1), Florida Statutes (1991). Therefore, the probation officer cannot override this legislative mandate and grant his consent. See Crawford v. State, 616 So.2d 1158 (Fla. 2d DCA 1993); Mercer v. State, 604 So.2d 843 (Fla. 2d DCA 1992); Smith v. State, 396 So.2d 206 (Fla. 2d DCA 1981).
Grate also challenges the court costs imposed by the trial court in the amount of $255.00 pursuant to section 27.3455(1) and attorney's fees of $300.00 pursuant to section 27.56(1)(a). He claims the attorney's fees should have been reduced by the amount of costs he was also assessed as required by section 27.56(1)(a). This section provides in pertinent part:
Any cost assessed pursuant to this paragraph shall be reduced by any amount assessed against a defendant pursuant to § 27.3455. [Emphasis added.]
Grate argues that, because he was assessed attorney's fees pursuant to the above quoted section, the costs he was assessed pursuant to section 27.3455 should be deducted therefrom. We find this argument to be without merit. It completely ignores the long-recognized distinction between attorney's fees and costs and misconstrues the plain meaning and purpose of these sections.
Sections 27.56 and 27.3455 both provide for the imposition of court costs against a defendant. The provision quoted above merely seeks to ensure that a defendant is not billed twice for costs. Note that it refers only to costs assessed, not attorney's fees. In the instant case, the trial court did not assess any costs pursuant to section 27.56(1)(a), only attorney's fees. Therefore, no reduction of these fees by the amount of costs imposed pursuant to section 27.3455 is required. The trial court's imposition of attorney's fees under one statute and costs under another was perfectly proper and no reduction for duplicate costs is necessary.
AFFIRMED in part; REVERSED in part and REMANDED for further action consistent with this opinion.
COBB and THOMPSON, JJ., concur.