645 So.2d 592 (1994)
William E. JENNINGS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-04212.
District Court of Appeal of Florida, Second District.
November 23, 1994.
*593 James Marion Moorman, Public Defender, and William B. Fredericks, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant challenges three conditions of his probation on the grounds that they are special conditions of probation and, as such, must be pronounced in open court in order to be valid. He argues that the court's failure to do so renders the conditions invalid. We agree as to certain of the conditions.
Appellant challenges the following three conditions of probation:
4. You will neither possess, carry, or own any weapons or firearms without first securing the consent of your probation officer.
... .
6. You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed or used.
7. You will work diligently at a lawful occupation and support any dependents to the best of your ability as directed by your probation officer.
We consider first the firearm possession prohibition contained in condition four and conclude that since this special condition improperly implies that a felon could possess a firearm with the consent of his probation officer, that portion of the condition referring to the consent of the probation officer must be stricken. See Pagan v. State, 637 So.2d 959 (Fla. 2d DCA 1994). The remainder of the condition is a valid general condition that need not be orally pronounced. See § 790.23, Fla. Stat. (1993).
We next consider condition six, concerning the use of intoxicants. In Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994), this court held that that portion of condition six that prohibits a probationer from visiting places where intoxicants are illegally sold is valid as a more precise definition of a general *594 prohibition and, as such, need not be orally pronounced. However, we further held that that portion of condition six prohibiting the excessive use of those substances must be stricken if not orally pronounced. Since that condition was not orally pronounced here, we must strike that portion of condition six concerning the excessive use of intoxicants.
Finally, we consider condition seven, requiring appellant to work diligently to support his dependents to the best of his ability. We found that this condition need not be orally pronounced in Brown v. State, 613 So.2d 558 (Fla. 2d DCA 1993), because it is statutorily authorized by section 948.03, Florida Statutes (1993), thus making it a general condition that need not be orally pronounced. Accordingly, we find no error in its imposition here.
We, therefore, affirm imposition of condition seven, that portion of condition six that prohibits appellant from visiting places where intoxicants are unlawfully sold, dispensed or used, and that portion of condition four that prohibits appellant from possessing, carrying or owning a firearm. That portion of condition four referring to the consent of the probation officer and that portion of condition six referring to the excessive use of intoxicants are stricken.
FRANK, C.J., and FULMER, J., concur.