652 So.2d 902 (1995)
William N. MALONE, Jr. Appellant,
v.
STATE of Florida, Appellee.
No. 94-00095.
District Court of Appeal of Florida, Second District.
March 22, 1995.
*903 James Marion Moorman, Public Defender and Julia Diaz, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
William Norman Malone, Jr., appeals his judgment and sentence for grand theft. We affirm the judgment and sentence, but strike certain probation conditions because they were not orally pronounced at the sentencing hearing.
The appellant challenges probation condition four which states: "You will not possess, carry or own any firearms. You will not possess, carry, or own any weapons without first procuring the consent of your officer." The first sentence of this condition is a valid general condition under section 790.23, Florida Statutes (1991). Fitts v. State, 649 So.2d 300 (Fla. 2d DCA 1995). The portion of the condition that prohibits the carrying of weapons other than those enumerated in section 790.23, was not orally pronounced at sentencing and is stricken. 20 Fla. L. Weekly D238. Further, because the remainder of the condition implies that a felon can possess weapons otherwise prohibited with the consent of his probation officer, that portion is stricken.
The appellant next challenges the portion of condition seven that states, "[y]ou will not use intoxicants to excess," on the ground it was not orally pronounced at sentencing. This is a special condition which must be orally pronounced. See Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). Because it was not orally pronounced in this case, it is stricken.
Finally, the appellant challenges the portion of condition ten that requires him to submit to random alcohol testing. Condition ten is a general condition set forth in section 948.03(1)(j)1, Florida Statutes (1991), and may be imposed in any case without being orally pronounced. Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992). The additional requirement that the appellant pay for the testing is not, however, included in the statute. Because the portion of the condition that requires the appellant to pay for testing was not orally pronounced, it is *904 stricken. See Catholic v. State, 632 So.2d 272 (Fla. 4th DCA 1994).
Affirmed; probation conditions stricken.
SCHOONOVER, A.C.J., and THREADGILL and FULMER, JJ., concur.