QUINCE, Judge.
Appellant, Cedric Johnson, seeks review of his judgments and sentences for possession and delivery of cocaine. Although appellant raises two issues, we only find merit in his challenge to several of his probation conditions. Because several of these conditions were improperly imposed, we strike them but affirm the judgments and sentences in all other respects.
The appellant was found guilty of two counts of delivery of cocaine and two counts of possession of cocaine. The court imposed the following probation condition as condition four in the written sentencing order: appellant is not allowed to possess or carry firearms, nor to possess or carry any weapon without his probation officer’s consent. Pursuant to section 790.28(1), Florida Statutes (1993), a convicted felon is prohibited from possessing or carrying a firearm or concealed weapon. The probation condition as imposed improperly implies a convicted felon may possess a firearm or concealed weapon with his probation officer’s permission. That portion of the condition referring to the consent of the probation officer must be stricken. Jennings v. State, 645 So.2d 592 (Fla. 2d DCA 1994). Additionally, this condition prohibits the appellant from being in possession of any weapon. This prohibition constitutes a special condition which must be orally pronounced. Since this part of condition four was not orally pronounced, it too must be stricken on remand.
The court also imposed the following probation condition as condition seven in the written sentencing order without orally pronouncing it in open court: appellant is not to use intoxicants to excess nor possess any drugs or narcotics not prescribed by a physician, nor visit places where intoxicants or drugs are unlawfully sold or used. Condition seven is a valid general condition of probation to the extent it prevents the appellant from visiting places where intoxicants are unlawfully sold and prohibits the possession of illegal drugs. Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). However, the portion of the condition concerning the use of intoxicants to excess is a special condition of probation which must be orally pronounced at sentencing. Id. Since this part of the condition was not orally pronounced, it must be stricken.
We remand with instructions to strike those portions of condition four referring to consent of the probation officer and possession of a weapon and that portion of condition seven concerning use of intoxicants to excess. Appellant’s judgments and sentences are otherwise affirmed.
RYDER, A.C.J., and BLUE, J., concur.