RYDER, Acting Chief Judge.
Tyrone Franklin questions the denial of his motion to suppress cocaine and raises some sentencing issues. We affirm the conviction and sentence, but strike certain probation conditions imposed without oral pronouncement at the sentencing.
We find no merit to the appellant’s issues concerning denial of the motion to suppress and the costs of probation supervision. See Blanco v. State, 452 So.2d 520 (Fla.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985); State v. Gavin, 594 So.2d 345 (Fla. 2d DCA 1992); State v. Viamari, 462 So.2d 1154 (Fla. 2d DCA 1984).
Turning to the conditions of probation, the appellant challenges conditions four and seven. We affirm the first sentence of condition four which prohibits ownership or possession of a firearm, but strike the second sentence of condition four. See Hart v. State, 651 So.2d 112 (Fla. 2d DCA 1995); Beckner v. State, 604 So.2d 842 (Fla. 2d DCA 1992). We also strike that portion of condition seven relating to the excessive use of intoxicants, but affirm the remainder of condition seven as a precise definition of a general prohibition that need not be orally pronounced. See Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994).
Finally, we affirm the requirement that appellant submit to a drug/alcohol evaluation and treatment, if necessary, because the trial court orally pronounced at sentencing that the appellant “will need to be evaluated for drug treatment within thirty days and follow-up treatment if necessary and random urine screens while under supervision.” The trial judge did not, however, orally pronounce that the appellant would be required to pay for the drug screens unless payment was waived by his probation officer. We, therefore, strike the requirement that the appellant pay for the drug screens. See Curry v. State, 656 So.2d 521 (Fla. 2d DCA 1995); Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994).
We affirm the conviction and sentence, but strike the specified conditions of probation.
FRANK and QUINCE, JJ., concur.