THREADGILL, Chief Judge.
The appellant, Edward Wilson, pleaded nolo contendere to possession of cannabis and purchase of cannabis, reserving the right to appeal the denial of his dispositive motion to suppress. We affirm the denial of the motion to suppress and also affirm the conviction. We remand, however, for further proceedings with respect to sentencing.
The record on appeal does not contain a sentencing guidelines scoresheet. Preparation and review of a scoresheet was mandatory in this case. See Linen v. State, 620 So.2d 254 (Fla. 2d DCA 1993). We therefore remand for further proceedings to determine if a scoresheet was prepared for sentencing. If it is established that a scoresheet was prepared and the appellant was sentenced consistently therewith, nothing further need be done except to file the scoresheet. Otherwise, the appellant must be resentenced. 620 So.2d at 255.
In the event resentencing is unnecessary, we strike the following conditions of probation because they were not orally pronounced at sentencing: the second sentence of condition four which states, “[y]ou will not possess, carry, or own any weapons without first procuring the consent of your officer;” the portion of condition seven that states, “[y]ou will not use intoxicants to excess;” and the portion of condition (A) that requires the appellant to pay for alcohol or drag testing. Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995).
We also strike the imposition of “$15 CIF,” an assessment for the Hillsborough County Court Improvement Fund, because this assessment is not authorized as a cost under any existing statute. See Reyes v. State, 655 So.2d 111, 120 (Fla. 2d DCA 1995).
Judgment affirmed; sentence remanded for further proceedings.
BLUE and WHATLEY, JJ., concur.