PER CURIAM.
The appellant, Johnny Paul Brown, challenges the trial court’s judgments and sentences. We affirm the appellant’s convictions, however, we find that the trial court erred in imposing certain costs.
The appellant pled not guilty to the charges of robbery with a firearm, armed kidnapping, and possession of cannabis, in violation of sections 812.13(1) and (2)(a), 787.01(l)(a)2, and 893.13(6)(b), Florida Statutes (1993). The jury subsequently found the appellant guilty of the lesser included offense of petit theft, in violation of section 812.014, Florida Statutes (1993), not guilty as to the armed kidnapping charge, and guilty as to the possession of cannabis charge. The trial court adjudicated the appellant guilty and sentenced him to time served for the petit theft charge, to one year drug offender probation for the possession of cannabis charge, and various costs were imposed. This timely appeal followed.
The trial court directed the appellant to pay a $2 court cost for criminal justice education programs and training courses, pursuant to section 943.25(13), Florida Statutes (1993). Since the $2 court cost is a discretionary cost and it was not orally pronounced at sentencing, this cost must be stricken. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
The trial court also directed the appellant to pay $50 for costs of prosecution and investigation, pursuant to section 939.01, Florida Statutes (1993). We also strike this cost because there was not an express request for such cost by the state and the trial court did hot consider the appellant’s financial resources in making the decision to assess the cost. Reyes, 655 So.2d at 119.
Furthermore, the trial court’s imposition of “$10.00 CIF” is also stricken since the assessment to the Hillsborough County Court Improvement Fund is not authorized under any existing statute as a cost. Wilson v. State, 685 So.2d 844 (Fla. 2d DCA 1995).
*850 Accordingly, we affirm the convictions but strike the above-mentioned costs.
Affirmed as modified.
SCHOONOVER, A.C.J., and LAZZARA and WHATLEY, JJ., concur.