664 So.2d 1127 (1995)
Timothy Dennis WYNN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01527.
District Court of Appeal of Florida, Second District.
December 13, 1995.
James Marion Moorman, Public Defender and Jeffrey M. Pearlman, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellee.
*1128 RYDER, Acting Chief Judge.
Timothy Wynn raises five issues for our consideration in this appeal. We affirm, without discussion, on the issues addressing the trial court's evidentiary rulings. Likewise, we find no error in the court's decision to sentence Wynn as a habitual violent felony offender and affirm on that point as well. The state concedes that the court erred in sentencing Wynn to concurrent seven-year terms of imprisonment for violating probation on his three 1990 convictions for aggravated assault. These convictions were for third degree felonies, punishable by a maximum of five years' imprisonment. § 775.082(3), Fla. Stat. (1989). We reverse Wynn's sentence for violation of probation and remand to the trial court to impose concurrent five-year terms of imprisonment. Wynn need not be present for resentencing.
The court also imposed $275.00 in court costs in connection with Wynn's violation of probation, and $1,500.00 in court costs for his robbery conviction. These costs were not announced at sentencing and the written orders do not state the statutory authority under which they were imposed. We strike these costs pursuant to Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc).
Additionally, the court assessed a $2,000.00 public defender lien without advising Wynn of his right to object. On remand, pursuant to Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992), Mr. Wynn shall have thirty days from the date of the mandate within which to file a written objection to the amount assessed. If he files an objection, the assessment shall be stricken. The court shall not impose a new assessment without notice and a hearing pursuant to Florida Rule of Criminal Procedure 3.720(d)(1).
Affirmed in part, reversed in part, and remanded.
FRANK and PATTERSON, JJ., concur.