PER CURIAM.
The appellant, Wallace Calvin Lampp, challenges the trial court’s judgment and sentence. After a review of the record in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we affirm the appellant’s conviction without discussion. However, we find that the trial court erred in imposing certain costs and a probation condition.
*1106 The appellant pled not guilty to the charge of grand theft, in violation of section 812.014(2)(c), Florida Statutes (1993). After the jury found him guilty as charged, the trial court adjudicated him guilty, stayed, and withheld the imposition of sentence, and ordered him to serve four years probation and to pay court costs. This timely appeal followed.
We strike the $2 cost imposed pursuant to section 943.25(13), Florida Statutes (1993), for the criminal justice education fund, since it is a discretionary cost and was imposed without oral notification to the appellant. Faulk v. State, 661 So.2d 65 (Fla. 2d DCA 1995). We also strike the $433 “Cost/ Fine” and the $688 “Court Cost” since those costs were imposed without citations to their proper statutory authorities. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994).
Further, we strike the $600 in public defender fees since the appellant was not advised of his right to a hearing to contest the proposed amount. Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992). On remand, the appellant should be given thirty days from the date of the mandate within which to file a written objection to the amount of the public defender fees. Sandefur v. State, 660 So.2d 1183 (Fla. 2d DCA 1995). If an objection is filed, the assessment should be stricken and a new assessment should not be imposed without notice and hearing pursuant to Florida Rule of Criminal Procedure 3.720(d)(1). Sandefwr.
With regard to probation conditions, we strike that portion of probation condition (8) that requires the appellant to pay for random alcohol or controlled substance testing. Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995).
Accordingly, we affirm the conviction but strike those costs and that portion of probation condition (8) mentioned above.
Affirmed as modified.
SCHOONOVER, A.C.J., and FRANK and WHATLEY, JJ., concur.