681 So.2d 722 (1996)
Kelly POWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00370.
District Court of Appeal of Florida, Second District.
May 8, 1996.
James Marion Moorman, Public Defender, and Julius J. Aulisio, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Kelly Powell appeals the trial court order of revocation of probation, specifically arguing that the trial court erred in finding that Powell willfully violated probation and in imposing certain conditions of probation. We affirm the revocation of probation but strike certain conditions of probation.
We affirm conditions (4) and (7). See State v. Hart, 668 So.2d 589 (Fla.1996). We strike that portion of probation condition (10) requiring a 4% processing fee for each payment of restitution, costs and/or fees. The imposition of this fee is discretionary and, according to Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc), must be orally pronounced. Also, because section 945.31, Florida Statutes (1993), authorizes the Florida Department of Corrections to impose such a fee, we conclude that the trial court had no authority to do so. Cf. Kionka v. State, 660 So.2d 419 (Fla. 4th DCA 1995) (any authority to exempt an individual from paying all or part of costs of supervision lies initially with the Department of Corrections).
That portion of condition (12) requiring Powell to submit to random testing is a general condition set forth in section 948.03(1)(j)1, Florida Statutes (1991); therefore, it may be imposed without oral pronouncement. See Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995). However, that portion *723 requiring Powell to pay for alcohol and drug testing is a special condition of probation which must be struck because it was not orally pronounced. See Malone; Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994).
Condition (13), requiring a good-faith effort to obtain either literacy skills or a high school diploma, is a special condition of probation, see Martin v. State, 659 So.2d 479 (Fla. 2d DCA 1995), and must be struck because it was not orally pronounced.[1]Nank.
We affirm the revocation of probation and conditions (4) and (7). We strike condition (13), that portion of condition (12) requiring Powell to pay for testing, and the 4% processing fee contained in condition (10).
SCHOONOVER, A.C.J., and PARKER and ALTENBERND, JJ., concur.
NOTES
[1] Chapter 92-310, Laws of Florida amended section 948.03 by adding subsection (8), now subsection (9), which authorizes trial court judges to impose such a condition. A statutorily authorized condition of probation may be included in a written probation order without oral pronouncement. Nank. However, that amendment is not applicable to Powell because he committed his offenses prior to July 6, 1992, the effective date of the amendment. See Ch. 92-310, § 23, Laws of Fla.