674 So.2d 847 (1996)
Jeremy GILCHRIST, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00362.
District Court of Appeal of Florida, Second District.
May 17, 1996.
*848 James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Judge.
Jeremy Gilchrist appeals, by Anders[1] brief, from his sentences for two counts of robbery, robbery with a firearm, and burglary of a dwelling. After an independent review of the record and the law, we agree with the public defender that no reversible error occurred except in the imposition of probation conditions, costs, and fees.
With respect to probation conditions, conditions 4 and 7 are general conditions contained in the form order of probation and need not be orally pronounced. See State v. Hart, 668 So.2d 589 (Fla.1996). The portion of condition 12 providing for random drug and alcohol testing is also a general condition of probation and need not be orally pronounced. See § 948.03(1)(k)1, Fla.Stat. (Supp.1994); Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995). The portion of condition 12 requiring Gilchrist to pay for the testing is not contained in section 948.03(1)(k)1 and is a special condition of probation. Because the trial court did not announce the payment requirement, we strike that portion of condition 12. See Malone, 652 So.2d at 904.
We also strike the $2 discretionary cost imposed under section 943.25(13), Florida Statutes (1993), because it was not orally pronounced at sentencing. See Buchy v. State, 664 So.2d 1064 (Fla. 2d DCA 1995).
The trial court entered judgment for a $1,000 public defender fee. See § 27.56, Fla.Stat. (1993). As defense counsel argues, the record contains no basis for the $1,000 feenothing reveals the hourly rate or time spent on the case. See Hankerson v. State, 464 So.2d 700 (Fla. 2d DCA 1985) (attorney's fees must be based on estimated or actual costs, not arbitrarily imposed). In addition, Gilchrist had no prior notice of the amount of attorney's fees or notice at sentencing of his right to contest the fees; thus, we reverse the award of attorney's fees without prejudice to reimpose them in compliance with Florida Rule of Criminal Procedure 3.720(d)(1). See Farmer v. State, 617 So.2d *849 447 (Fla. 2d DCA 1993); Jones v. State, 623 So.2d 627 (Fla. 5th DCA 1993).
Affirmed in part, reversed in part.
CAMPBELL, A.C.J., and QUINCE, J., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).