DELL, Judge.
We agree with appellant’s claim and the state’s concession that the trial court erred by failing to give appellant credit for 133 days he had already served on community control and by failing to enter a written order identifying the violations resulting in the revocation of appellant’s community control.
Appellant also contends that condition four in the written judgment of guilt and order placing him on community control and conditions four and six in the written judgment, sentence and order placing him on probation must be stricken because the trial court did not orally pronounce them. In State v. Hart, 668 So.2d 589 (Fla.1996), the supreme court stated:
[W]e hold that all defendants facing the imposition of probation are on constructive notice of conditions one through eleven set forth in the form for order of probation, which is contained in the rules of criminal procedure. Only those “special” conditions of probation not set out in the general conditions portion of the rules need be specifically pronounced at sentencing.
Here, the challenged probation conditions substantially conform to general conditions four and seven of the probation order form found in rule 3.986(e) of the Florida Rules of Criminal Procedure and to those conditions approved by Hart. As in Hart, appellant had sufficient notice of the probation conditions to permit him to object. We see no reason why the holding of Hart should not be applied to the general conditions of the community control order form found in rule *1385 3.986(f). Consequently, appellant also had sufficient notice of the challenged community control condition because it substantially conforms to general condition four of the community control order form in rule 3.986(f).
Accordingly, we affirm the conditions of probation and community control. We reverse the orders placing appellant on community control and probation and remand with instructions to give him credit for 133 days he had already served on community control and to enter a formal order of revocation of community control. See Smith v. State, 492 So.2d 1099 (Fla. 4th DCA 1986); Fla. R.Crim. P. 3.790.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
PARIENTE, J., and MAY, MELANIE G., Associate Judge, concur.