PER CURIAM.
Kenneth L. Williams was convicted of robbery with a deadly weapon, a knife. He appeals his sentence, arguing that the trial court imposed two invalid conditions of probation. We affirm condition (7) because there was no contemporaneous objection at sentencing. We partially strike condition (4).
Williams challenges as vague that portion of condition (7), which was orally pronounced at sentencing, prohibiting him from possessing drugs or narcotics unless prescribed by a physician. In Parsons v. State, 650 So.2d 176 (Fla. 2d DCA 1995), this court struck that portion of condition (7) as too vague because it could be interpreted to prohibit a probationer from possessing over-the-counter cold medication or aspirin. However, Williams did not object at sentencing when the trial court imposed this condition. In Larson v. State, 572 So.2d 1368 (Fla.1991), the supreme court stated that in the absence of a contemporaneous objection, a defendant may appeal a condition of probation only if it is so egregious as to be the equivalent of fundamental error. We conclude that this condition, though vague, does *818 not constitute fundamental error. Williams, therefore, waived any challenge to that condition by failing to contemporaneously object to its imposition.
Condition (4) provides as follows: “You will not possess, carry, or own any firearms. You will not possess, carry, or own any weapons without first procuring the consent of your officer.” That condition is taken verbatim from Form 3.986, Florida Rules of Criminal Procedure. Because the restrictions against firearms and weapons are contained in a general condition of probation, that condition need not be pronounced orally by the trial court. State v. Hart, 668 So.2d 589 (Fla.1996).
Further, the first sentence of condition (4) which prohibits Williams from possessing, carrying, or owning firearms obviously applies here because Williams was convicted of a felony, and felons are not permitted to possess, carry, or own firearms. See § 790.23, Fla. Stat. (1993). We, therefore, affirm the first sentence of condition (4). However, we strike the second sentence of condition (4) based upon Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995). In Malone, this court addressed condition (4) and stated:
The appellant challenges probation condition four which states: “You will not possess, carry or own any firearms. You will not possess, carry, or own any weapons without first procuring the consent of your officer.” The first sentence of this condition is a valid general condition under section 790.23, Florida Statutes (1991). Fitts v. State, 649 So.2d 300 (Fla. 2d DCA 1995). The portion of the condition that prohibits the carrying of weapons other than those enumerated in section 790.23, was not orally pronounced at sentencing and is stricken. 649 So.2d at 301. Further, because the remainder of the condition implies that a felon can possess weapons otherwise prohibited with the consent of his probation officer, that portion is stricken.
Malone, 652 So.2d at 903.
We strike the second sentence of condition (4); otherwise, we affirm.
PATTERSON and ALTENBERND, JJ., concur.
PARKER, A.C.J., concurs specially.