PER CURIAM.
Juan C. Martin appeals the final judgment and sentence in this aggravated battery and assault ease. We strike two conditions of probation and the order for investigative costs. Otherwise, we affirm the judgment and sentence.
Although condition (4) of Martin’s probation, which prohibits him from possessing, carrying, or owning any weapon or firearm without the consent of his probation officer, is not a special condition of probation, it is inappropriate to impose it because a convicted felon cannot possess, carry, or own a firearm. See Curry v. State, 656 So.2d 521 (Fla. 2d DCA 1995), review dismissed, 682 So.2d 1091 (Fla.1996). Accordingly, we strike that portion of condition (4) which allows Martin to have a firearm with the consent of his probation officer.
Additionally, condition (9) requiring Martin to pay for random drug testing is a special condition of probation which must be orally pronounced. See Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995). Therefore, we strike that portion of condition (9) requiring Martin to pay for the random drug testing.
Finally, the court erred by imposing $80 for investigative costs and fees for prosecution because the court failed to cite statutory authority for these fees. Furthermore, the prosecutor failed to document the investigative costs. See Reyes v. State, 655 So.2d 111, 119 (Fla. 2d DCA 1995) (en banc). Therefore, we strike the $80 fee.
CAMPBELL, A.C.J., and FRANK and PARKER, JJ., concur.