PATTERSON, Judge.
Michael Phelps appeals from his judgment and sentence for possession of cocaine and opposing an officer without violence. We find merit only in his argument that the trial court erred in imposing certain court costs and probation conditions.
Phelps correctly argues that the trial court erred in failing to cite statutory authority in assessing $255 in court costs. Therefore, we strike those costs. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). The trial court also failed to inform Phelps of his right to contest the amount of his public defender fees. See Bourque v. State, 595 So.2d 222 (Pla. 2d DCA 1992). Thus, we remand this case to the trial court to give Phelps thirty days from the date of the mandate to file a written objection to the amount assessed. If Phelps files a written objection, the costs must be stricken. The costs may be reimposed with proper notice and a hearing. See Wynn v. State, 664 So.2d 1127 (Fla. 2d DCA 1995).
Phelps argues, and the state concedes, that the trial court erred in ordering certain conditions of probation. We strike condition 7, prohibiting the possession of drugs without a prescription, because it is impermissibly vague. See Garrison v. State, 685 So.2d 53 (Fla. 2d DCA 1996). We strike the portion of condition 12 requiring Phelps to pay for random testing because it is a special condition which was not orally pronounced at sentencing. See State v. Hart, 668 So.2d 589 (Fla.1996). We also strike condition 14, which requires Phelps to attend an HIWAIDS awareness program, because it is a special condition which was not announced at sentencing.[1]
*1309 Conviction affirmed, certain costs and probation conditions stricken.
THREADGILL, A.C.J., and FULMER, J., concur.

. The legislature has amended section 948.03, Florida Statutes, to include attending an HIV/ AIDS awareness program as a standard condition of probation. See Ch. 96-170, at 227, Laws *1309 of Fla. However, the amendment does not apply in this case.