701 So.2d 372 (1997)
George HOUSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02527.
District Court of Appeal of Florida, Second District.
October 24, 1997.
*373 James Marion Moorman, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Barrow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
In this Anders[1] appeal, we affirm George Houston's convictions and sentences. Because his brief argues that condition four in the standard 1993 order of probation must be stricken, we take this opportunity to recede from those cases after State v. Hart, 668 So.2d 589 (Fla.1996), in which this court has stricken the condition,[2] and hold that it may be imposed without oral announcement in all cases involving convicted felons.
From as early as 1981 to approximately 1995,[3] condition four in most probation orders stated: "You will not possess, carry or own any weapons or firearms without first securing the consent of your probation officer" (hereinafter referred to as the "earlier condition four").
Effective January 1, 1993, the supreme court approved a standard probation order, which modified condition four and divided it into two sentences. In re Amendments to Fla. Rules of Crim. P., 606 So.2d 227, 355 (Fla.1992). The condition four approved by the supreme court states: "You will not possess, carry or own any firearm. You will not possess, carry or own any weapons without first procuring the consent of your officer" (hereinafter referred to as the "1993 condition four"). Fla.R.Crim.P. 3.986 (1993).
In 1981, this court struck the earlier condition four on the theory that it allowed a probation officer to authorize a person on probation to commit a criminal act. Smith v. State, 396 So.2d 206 (Fla. 2d DCA 1981). We stated:
In addition, standard condition 4 of appellant's probation requires that she not possess, carry or own any weapons or firearms "without first securing the consent of your Probation Officer." This condition must be stricken. Under section 790.23, Florida Statutes (1979), which prohibits a convicted felon from owning, possessing, or controlling any electric weapons or firearms, there is no authority for appellant's probation officer to consent to what would otherwise be a violation of the statute.
Id. at 207.
Although the earlier condition four was apparently used statewide, the other four districts never relied on the reasoning in Smith to strike the condition, but they have never expressly conflicted with Smith.[4] The reasoning in Smith was subject to criticism because, even if a probation officer told a convicted felon that he or she could carry a firearm without violating probation, the act of carrying the firearm would still be a violation of section 790.23, Florida Statutes.[5] Moreover, by striking all portions of the condition, we inadvertently left a probation officer with no authority to regulate a probationer's possession of the wide array of "weapons" that, under section 790.001(13), are lawful for a convicted felon to possess. *374 Despite these weaknesses in Smith, this court continued to adhere to its holding. See e.g., Pagan v. State, 637 So.2d 959 (Fla. 2d DCA 1994); Mercer v. State, 604 So.2d 843 (Fla. 2d DCA 1992); Beckner v. State, 604 So.2d 842 (Fla. 2d DCA 1992); Hinton v. State, 439 So.2d 1008 (Fla. 2d DCA 1983).
In Jennings v. State, 645 So.2d 592 (Fla. 2d DCA 1994), which involved earlier condition four, Judge Campbell attempted to narrow the remedy in Smith. Noting that earlier condition four implied that a probation officer could grant consent to a convicted felon to "possess a firearm," the court "struck that portion of the condition referring to the consent of the probation officer." Jennings, 645 So.2d at 593.
The firearms issue was eliminated in the 1993 condition four because the supreme court's approved version no longer allowed an officer to authorize a convicted felon to possess a firearm. It only permitted a probation officer to allow a probationer to own, possess or carry a "weapon."[6] Under the 1993 condition four, there remains the unlikely possibility that a probation officer might authorize a convicted felon to possess a concealed or electric weapon in violation of section 790.23, but the major concern with firearms has been eliminated.
In Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995), we approved the first sentence of the 1993 condition four, but struck "the portion of the condition that prohibits the carrying of weapons other than those enumerated in section 790.23," because it was an unannounced special condition. Although this reasoning to strike condition four was sufficient, we added the statement: "Further, because the remainder of the condition implies that a felon can possess weapons otherwise prohibited with the consent of his probation officer, that portion is stricken." Id. at 903. It is not entirely clear what "portion" of the second sentence we intended to strike.
In Hart v. State, 651 So.2d 112 (Fla. 2d DCA 1995), quashed in part, 668 So.2d 589 (Fla.1996), which was decided at approximately the same time as Malone, we examined the earlier condition four. We struck the portion of the condition that implied a convicted felon could possess a firearm. We also struck the portion of the condition that prohibited the possession of weapons with an officer's permission because it was an unannounced special condition. We certified the question of whether it was necessary for a trial judge to orally announce condition four.
The supreme court answered the question in the negative, concluding that oral announcement was unnecessary after the standard conditions were published in the Florida Rules of Criminal Procedure. State v. Hart, 668 So.2d 589 (Fla.1996). The supreme court quashed "the portion of the district court decision that struck general probation conditions found in the order of probation form but not announced at sentencing." Id. at 593. Thus, the supreme court required the trial court to reinstate the portion of the earlier condition four that is comparable to the second sentence of the 1995 condition allowing probation officers to regulate "weapons."
Since the supreme court's decision in Hart, this court has stricken at least a portion of condition four on three occasions, relying on the reasoning in Malone and Curry v. State, 656 So.2d 521 (Fla. 2d DCA 1995).[7] On the other hand, we have refused to strike condition four on other occasions, citing to Hart. See Daughtry v. State, 681 So.2d 740 (Fla. 2d DCA 1996); Powell v. State, 681 So.2d 722 (Fla. 2d DCA 1996); Ringling v. State, 678 So.2d 1339 (Fla. 2d DCA 1996). In the same period, the Fourth District has stricken a portion of this condition on one occasion and refused to strike it on two others. See Tory v. State, 686 So.2d 689 (Fla. 4th DCA 1996); Hornberger v. State, 677 So.2d 1384 (Fla. 4th DCA 1996); Mosley v. State, 677 So.2d 27 (Fla. 4th DCA 1996). See also Vasquez v. *375 State, 663 So.2d 1343 (Fla. 4th DCA 1995) (pre-Hart case striking condition four because it was not orally pronounced). The other districts have apparently not stricken this condition since the Hart decision.
In theory, the 1993 condition four still would authorize a probation officer to permit a probationer to possess a concealed or electric weapon in violation of section 790.23 without violating his or her probation. We find it hard to believe, however, that there are probation officers who would expressly authorize a convicted felon to possess such weapons. The remainder of condition four is sound and serves to assure both probation officers and the public that probationers will not possess, carry, or own weapons that are otherwise lawful. In light of the supreme court's ruling in Hart, we see no reason to continue the practice of striking any improper "implication" that may still exist in this condition.
Affirmed.
PARKER, C.J., and DANAHY, CAMPBELL, SCHOONOVER, FRANK, THREADGILL, PATTERSON, BLUE, LAZZARA, FULMER, QUINCE, WHATLEY and NORTHCUTT, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] Martin v. State, 696 So.2d 821 (Fla. 2d DCA 1997); Williams v. State, 681 So.2d 817 (Fla. 2d DCA 1996); Felix v. State, 22 Fla.L.Weekly D1458, ___ So.2d ___, 1997 WL 318053 (Fla. 2d DCA June 13, 1997).
[3] Earlier case law refers to a completely different condition four, which stated, "You will live honorably" or "You will live and remain at liberty without violating the law." See Pumphrey v. State, 527 So.2d 1382 (Fla.1988); Brown v. State, 338 So.2d 573 (Fla. 2d DCA 1976).
[4] Condition four has never been a matter of great concern in the other four districts. A computer search for the phrase, "condition four," in cases published after January 1, 1994, indicates that the other districts have stricken or modified this condition on only a few occasions, while this court has addressed the condition more than eighty times.
[5] Section 790.23 makes it unlawful for a convicted felon "to own or to have in his or her care, custody, possession, or control any firearm or electric weapon or device, or to carry a concealed weapon, including a tear gas gun or chemical weapon or device."
[6] Although a firearm may often be referred to as a weapon in common usage, it is excluded from the statutory definition of "weapon." § 790.001(13), Fla.Stat. (1995). "Weapon" is defined as "any dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife."
[7] See note 2.