PER CURIAM.
Debra Young contends that her conviction for possession of cocaine should be reversed because the evidence of guilt was insufficient and the prosecutor’s closing arguments were prejudicial. If the conviction is not reversed, Young claims that two conditions of probation were erroneously imposed without oral pronouncement. We affirm her conviction.
We agree with Young, however, but only to the extent that Condition 13 was erroneously imposed. Young committed her offense on July 1, 1996, and the statutory amendment requiring attendance at an HIV/ AIDS awareness program as a standard condition of probation did not become effective until October 1, 1996. See Phelps v. State, 696 So.2d 1307 (Fla. 2d DCA 1997).
Condition 14 was properly imposed without oral pronouncement. That condition provides that “[i]f you do not possess a high school diploma, a General Equivalency Diploma, or lack basic or functional literacy skills, you must enroll and attend an approved educational program, making a good faith effort or until you obtain either the basic or fundamental literacy skills or a high school diploma.” Young’s crime was committed after the effective date of the statutory change making it a standard condition not requiring oral pronouncement. See Powell v. State, 681 So.2d 722, 723 (Fla. 2d DCA 1996).
Accordingly, we affirm the conviction; but strike probation Condition 13.
FRANK, A.C.J., and FULMER and GREEN, JJ., concur.