DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHAREE LATRICE DIXON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2832

[October 14, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dan L. Vaughn, Judge; L.T. Case No. 562016CF002464B.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

No appearance for appellee.

PER CURIAM.

Appellant, Sharee Latrice Dixon, appeals her convictions and sentences for burglary of a dwelling and second-degree grand theft. The trial court sentenced Appellant following an open plea to seven years in prison followed by eight years' probation, in addition to restitution. Appellant's assistant public defender filed a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

We grant the motion to withdraw and affirm the convictions and sentences. However, counsel's challenges to three of the costs imposed are well-taken and we remand for them to be stricken. We note that counsel timely challenged these costs in a motion to correct sentencing error filed under Florida Rule of Criminal Procedure 3.800(b)(2), which was not ruled on, and thus is deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B).

First, the trial court orally pronounced $50 for investigative costs, absent any request by law enforcement agencies or by the state on their behalf. That was erroneous. *See* § 938.27(1), Fla. Stat. (2016); *Richards*

*v. State*, 288 So. 3d 574, 577 (Fla. 2020); *Felton v. State*, 939 So. 2d 1159 (Fla. 4th DCA 2006).

Second, Appellant's probation order imposed both a $2 surcharge and a 4% surcharge under section 948.09, Florida Statutes (2016), while the statute solely authorizes the former. *See* § 948.09(1)(a)2., Fla. Stat. (2016). Third, citing section 945.31, Florida Statutes (2016), the probation order imposes a separate 4% surcharge associated with an administrative processing fee for restitution payments, which the trial court neither orally stated nor was authorized to impose. *See Powell v. State*, 681 So. 2d 722, 722 (Fla. 2d DCA 1996).

Accordingly, we remand for the trial court to strike these costs.

*Affirmed in part, reversed in part, and remanded with instructions.*

GROSS, CONNER and ARTAU, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**