# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0483
Lower Tribunal No. CF19-010286-XX

_____

EMANUEL LAMAR CHARLES VALENTIN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Wayne M. Durden, Judge.

January 16, 2026

KAMOUTSAS, J.

Valentin raises three issues on appeal. We affirm two of those issues without discussion. We find that the last issue raised requires the trial court to correct the order of revocation of probation for the limited purpose of striking two references to a 4% surcharge, in observation of the plain language of sections 948.09, Florida Statutes and 945.31, Florida Statutes (2024). The State concedes error on this point.

Valentin was placed on probation with accompanying standard and special conditions. As to the narrow issue addressed here, the order of probation required Valentin to pay a 4% surcharge, appearing in two provisions of the order, stating:

> You will pay the State of Florida the amount of $30.00 per month, as well as 4% surcharge, toward the cost of your supervision in accordance with s. 948.09, F.S., unless otherwise exempted in compliance with Florida Statutes.
>
> . . . .
>
> Payments processed through the Department of Corrections will be assessed a 4% surcharge pursuant to s. 945.31, F.S. Pursuant to s. 948.09, F.S., you will be assessed an amount of $2.00 per month for each month of supervision for the Training Trust Fund Surcharge.

Section 948.09(1)(a)2. provides in pertinent part, "[i]n addition to any other contribution or surcharge imposed by this section, each felony offender assessed under this paragraph shall pay a $2-per-month surcharge to the department." Section 948.09 is silent as to any other surcharge. This statute, therefore, cannot provide the basis for the trial court's imposition of a 4% surcharge.

Section 945.31 states that "the [Department of Corrections] may establish bank accounts outside the State Treasury for the purpose of collecting and disbursing restitution and other court-ordered payments from persons in its custody or under its supervision, and *may* collect an administrative processing fee in an amount equal to 4 percent of the gross amounts of such payments." (Emphasis added). Thus, section 945.31 *permits* the Department of Corrections to exercise discretion in collecting an

2

administrative fee, but the trial court's order goes beyond the statutory language and obligates the Department to collect a 4% surcharge. *See Powell v. State*, 681 So. 2d 722, 722 (Fla. 2d DCA 1996) ("[B]ecause section 945.31, Florida Statutes (1993), authorizes the Florida Department of Corrections to impose such a fee, we conclude that the trial court had no authority to do so."); *Dixon v. State*, 304 So. 3d 20 (Fla. 4th DCA 2020) ("Appellant's probation order imposed both a $2 surcharge and a 4% surcharge under section 948.09, Florida Statutes (2016), while the statute solely authorizes the former. *See* § 948.09(1)(a)2., Fla. Stat. (2016). Third, citing section 945.31, Florida Statutes (2016), the probation order imposes a separate 4% surcharge associated with an administrative processing fee for restitution payments, which the trial court neither orally stated nor was authorized to impose.").

Accordingly, we reverse, in part, the trial court's February 23, 2024 order revoking probation and remand this case for the limited purpose of striking the two references to a 4% surcharge from that order.[1]

AFFIRMED in part; REVERSED in part; and REMANDED.

WOZNIAK and BROWNLEE, JJ., concur.

Blair Allen, Public Defender, and Lisa Lott, Assistant Public Defender, Bartow, for Appellant.

---

[1] Valentin's presence is not required for these ministerial corrections. *See, e.g., Golphin v. State*, 413 So. 2d 828, 829 (Fla. 6th DCA 2024).

James Uthmeier, Attorney General, Tallahassee, and Natalia Reyna-Pimiento, Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED